**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

ANGELO RANDALL, JOSEPH PYTEL, CHRISTOPHER VILARDI, MICHAEL ROBERTS, BRUCE EASTMAN, and INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, LOCAL 23 HEALTH AND WELFARE FUND, Through its Trustees,
Plaintiffs,

v.

NARRAGANSETT PERFORMING ARTS DANCE CENTRE and CHERYL CUSICK IGLIOZZI,
Defendants.

C.A. No.

CA 06 371 ML

**COMPLAINT**

Introduction

1. This is an action to compel payments of contributions, interest, and penalties to a multi-employer benefit plan, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et seq., to compel payment of wages pursuant to R.I.G.L. § 28-14-1 et. seq. and for breach of contract.

Parties and Jurisdiction

2. Plaintiff International Alliance of Theatrical Stage Employees, Local 23, Health and Welfare Fund ("the Fund") is a multi-employer benefit plan within the meaning of ERISA, 29 U.S.C. §§ 1002(1) and (37).

3. The International Alliance of Theatrical Stage Employees, Local 23, ("Local 23") is a labor union within the meaning of ERISA, 29 U.S.C. § 1002(4) and within the meaning of the LMRA, 29 U.S.C. § 152(5).

4. Plaintiffs Angelo Randall, Joseph Pytel, Christopher Vilardi, Michael Roberts and Bruce Eastman are members Local 23 ("union members").

5. Defendant Narragansett Performing Arts Dance Centre is a company located in Narragansett, Rhode Island. Defendant has the requisite minimum contacts with the State of Rhode Island.

6. Defendant Cherly Cusick Igliozzi is the owner and operator of Defendant Narragansett Performing Arts Dance Centre. Defendant Cusick resides in Providence, Rhode Island. Defendant Cusick has the requisite minimum contacts with the State of Rhode Island.

7. Jurisdiction is rested upon ERISA, 29 U.S.C. §1132(e). Plaintiffs also invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over their state law claims.

## Facts

8. On or about June 18, 2005, Defendant Narragansett Performing Arts Dance Centre ("Dance Centre") employed Plaintiffs Randall, Pytel, Vilardi, Roberts and Eastman to, *inter alia,* operate stage equipment at the Veterans Memorial Auditorium ("VMA").

9. Pursuant to an agreement between Defendants and VMA ("Contract"), Defendant Dance Centre was required to employ members of Local 23 to operate the stage equipment at VMA.

10. Defendants agreed to compensate the union members in accordance with the rates set by Local 23.

11. Defendants also agreed to make contributions to the Fund on behalf of the union members.

12. The Fund was established to provide health benefits to Local 23 members. The Fund is administered by a Boards of Trustee consisting of management and union trustees.

13. The rights and obligations of the Plaintiff Fund and Defendant are set forth in the Agreement and Declaration of Trust ("Trust Agreement").

14. The Trust Agreement provides, in relevant part, that Defendant promptly pay contributions and pay penalties and interest when in default.

15. Defendants owe Plaintiff Randall the sum of $378.33 in wages for work performed on June 18, 2005.

16. Defendants owe Plaintiff Pytel the sum of $378.33 in wages for work performed on June 18, 2005.

17. Defendants owe Plaintiff Vilardi the sum of $250.33 in wages for work performed on June 18, 2005.

18. Defendants owe Plaintiff Roberts the sum of $170.33 in wages for work performed on June 18, 2005.

19. Defendants owe Plaintiff Eastman the sum of $448.33 in wages for work performed on June 18, 2005.

20. Defendants owe Plaintiff Fund the sum of $234.16 for contributions and penalties.

21. Notwithstanding the aforesaid obligations, Defendants, and each of them, have:

(a) Failed to pay Plaintiffs Randall, Pytel, Vilardi, Roberts and Eastman their wages; and

(b) Failed to make contributions to the Fund.

**FIRST CAUSE OF ACTION**

**(Violation of ERISA, 29 U.S.C. § 1132(a)(3) & §1145)**

22. Plaintiffs hereby incorporate Paragraphs 1 through 21 as though fully set forth herein.

23. Defendants have failed to make contributions to the Fund and otherwise failed to comply with the terms and conditions of the Trust Agreement.

24. By the aforesaid acts and omissions, Defendants, and each of them, has violated ERISA, 29 U.S.C. §1132(a)(3) and §1145.

25. As a result of Defendants' unlawful actions, Plaintiff Fund has suffered and will continue to suffer pecuniary damages and compensatory damages.

WHEREFORE, Plaintiffs pray that this Court grant relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Violation of R.I.G.L. § 28-14-1 et. seq. )**

26. Plaintiffs hereby incorporate Paragraphs 1 though 25 as though set forth herein.

27. Defendants, and each of them, have failed to pay wages due their employees.

28. By the aforesaid acts and omissions, Defendants have violated the Rhode Island Payment of Wages statute, R.I.G.L. §§ 28-14-1 et. seq.

29. As a result of Defendant's unlawful actions, Plaintiffs have suffered and will continue to suffer severe and substantial pecuniary damages and compensatory damages.

WHEREFORE, Plaintiffs pray that this Court grant relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

**(Breach of Contact)**

30. Plaintiffs hereby incorporate Paragraphs 1 though 29 as though set forth herein.

31. Defendant, by its act and/or omissions, including but not limited to those described herein, breached its contracts of employment with Plaintiffs by failing or refusing to pay Plaintiffs for all hours worked, thereby causing Plaintiffs to suffer damages as aforesaid.

WHEREFORE, Plaintiffs pray that this Court grant relief as hereinafter set forth.

**PRAYER FOR RELIEF**

Plaintiffs pray that this Honorable Court grant the following relief:

(a) Award Plaintiff Funds the unpaid contributions, interest on the unpaid contributions, liquidated damages, punitive damages and attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g)(2);

(b) Award Plaintiffs unpaid wages, plus interest, liquidates damages and costs; and

(c) Order such other relief as the Court deems just and proper, including, but not limited to, a punishment of a fine of not less than four hundred dollars ($ 400) for each separate offense, or by imprisonment for not less than ten (10) nor more than ninety (90) days, or by both fine and imprisonment in accordance with R.I.G.L. § 28-14-17.

Respectfully submitted,
On behalf of Plaintiffs,
By their attorneys,

Elizabeth Wiens, Esq. (#6827)
Marc B. Gursky, Esq. (#2818)
GURSKY LAW ASSOCIATES
420 Scrabbletown Road, Suite C
North Kingstown, RI 02852
(401) 294-4700
(401) 294-4702

Dated: August 16, 2006